## Philiber et al. *versus* Matson.

Where a raft lodged in a small stream and interrupted the channel, and caused another raft to lodge, the owner of the second raft, which is in danger from other rafts, may lawfully cut away a portion of the first, after allowing for the removal of the obstruction as much time as circumstances permit, and doing no unnecessary damage.

ERROR to the Common Pleas of *Jefferson county.*

This was an appeal from the judgment of a justice of the peace, in a suit by Philiber & Robinson vs. Matson, for damages for cutting a raft of plaintiffs', by which a portion of it went adrift.

BUFFINGTON, J., charged the jury, *inter alia :*

It seems that Robinson, one of the plaintiffs, owns a dam in Red Bank Creek, a navigable highway; that in floating down the raft belonging to both plaintiffs, they stuck on the dam, part of the raft over the breast of the dam and part in the pool. Whether it was there an obstruction is a disputed question, and for the jury. The defendant came down with his raft, and in trying to avoid the plaintiffs' raft thus in the schute, was thrown to the left-hand bank, below the dam, and was stuck on the shore. In this situation, another raft came down, struck the hind end of defendant's raft and the upper end swung round and lodged against the plaintiffs'

[Philiber et al. *v.* Matson.]

raft. In this position, the defendant alleges that, if there was any cutting done, it was necessary and justifiable, in order to enable them to get their rafts loose and pass along the stream. The question is whether, if the plaintiffs' raft is so lodged upon his dam as to prevent rafts from passing over with safety, a person running along and thus obstructed, would have a right to remove so much of the obstruction as would enable him to pursue his voyage. And we think he would.    *    *    *

We therefore think that if the jury believe the plaintiffs' raft was the cause of that of the defendant running on the shore and of the other raft jamming in between them, and that on account thereof it became necessary to remove a portion of the raft of the plaintiffs to enable him to get loose and pass, or if the jury believe it was necessary in order to clear the stream, the defendant might cut off some of the plaintiff's logs, in order to bring the raft around which lay below the plaintiff's, provided that no more was done than was necessary for that purpose, the defendant would be justifiable in so doing. If, on the other hand, it was not necessary to cut plaintiffs' raft for that purpose, but the act was wanton and uncalled for, or more injury was done than the circumstances required, then the defendant would be a trespasser, provided he was the person who did the injury.

The jury found for the defendant.

Error was assigned to the charge.

*Arthurs*, for plaintiffs in error, contended that where a raft is stranded *accidentally*, the owner should have a reasonable time to remove it; which he contended plaintiffs had not: *Whar. Crim. Law*, 508; 2 *Barr* 114; 3 *Ch. Bla.* 167, in notes. That there was no evidence to leave to the jury to say that the plaintiffs' raft should have been removed to clear the channel.

*Gordon*, for defendant.—That the court charged fairly; that there was no time to wait, as the flood might have subsided.

The opinion of the court was delivered by

GIBSON, C. J.—The law of the case was accurately laid down. It is certainly true that a nuisance can be lawfully abated only after as much time has been allowed to remove the cause of it as circumstances would permit, and by doing no unnecessary damage to it; but it is just as true, that a loss which must fall on one of two innocent persons, must be borne by him whose accident was the cause of it. The plaintiff's raft, in attempting to pass it over a mill-dam, was unskilfully or unfortunately managed; by reason of which, the defendant's raft, in following it, was jostled and thrown on rocks below, where it stuck fast. In a few minutes

another raft was lodged between the two, and lay foul of both. What was to be done? Not only was the water abating, but the stream was crowded with rafts, momentarily descending; and an hour's delay might not only have deprived the defendant of the benefit of the flood, but have exposed his property to collision with rafts from above. In this emergency, he had a right to extricate it in the only way he could; and that he was compelled to cut loose was not his fault, but the plaintiff's misfortune. There was, therefore, no room for complaint.

Judgment affirmed.